IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHERMAN G. SORENSEN, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>GERALD I. POLUKOFF, M.D.; ZABRISKIE LAW FIRM, LCC, a Utah limited liability company; RHOME ZABRISKIE, J.D.; FLEMING, NOLEN & JEZ, LLP., a Texas limited liability partnership; and RAND P. NOLEN-, J.D.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY<br><br><br>Case No. 2:18-CV-67 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sanctions and Plaintiff's Motion for Leave to File a Surreply. For the reasons discussed below, the Court will deny both motions.

This case was closed on July 31, 2018, when the Court dismissed Plaintiff's federal claims with prejudice and declined to exercise supplemental jurisdiction to consider Plaintiff's state-law claims. On August 28, 2018, Plaintiff filed a Notice of Appeal to the Tenth Circuit Court of Appeals. Defendant filed a Motion for Sanctions the same day. To ensure both parties adequate opportunity to brief all the relevant issues related to the Motion for Sanctions, the Court granted both parties leave to file excess pages.

1

Defendant seeks sanctions under 28 U.S.C. § 1927 and under the Court's equitable powers.

28 U.S.C. § 1927 provides that:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Court has discretion to sanction conduct that "manifests either intentional or reckless disregard of the attorney's duties to the court."[1] However, this is an "extreme standard" reserved for instances of "serious and standard disregard for the orderly process of justice."[2] The statute makes attorneys liable for harm caused "because of" objectional conduct. Therefore, before sanctions can be imposed, there must be an established "causal connection between the objectionable conduct of counsel and multiplication of the proceedings."[3]

Federal courts also have discretion to impose attorney's fees according to their equitable powers.[4] Although the general rule is against fee-shifting, a "court may award counsel fees to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for

---

[1] *Hamilton v. Boise Cascade Express,* 519 F.3d 1197, 1202 (10th Cir. 2008) (quoting *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987)).

[2] *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997)).

[3] *Id.* (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

[4] *Hall v. Cole*, 412 U.S. 1 (1973).

oppressive reasons."[5] "The essential element in triggering the award of fees is the existence of bad faith on the part of the unsuccessful litigant."[6]

The Defendant argues that sanctions are appropriate based on Plaintiff's conduct in "(1) bringing this case in bad faith for an improper purpose; (2) advancing frivolous legal theories; (3) making repeated misrepresentations; and (4) engaging in bad faith litigation tactics."[7]

Defendant has not met the "extreme standard" of 28 U.S.C. § 1927. Evidence of unreasonable and vexatious conduct is lacking, as is evidence that proceedings were multiplied by the counsel's conduct. The Court also declines to impose sanctions using its equitable power—finding inadequate evidence of bad faith, or vexatious, wanton, or oppressive conduct.

It is therefore

ORDERED that Defendant's Motion for Sanctions (Docket No. 61) is DENIED. It is further

ORDERED that Plaintiff's Motion for Leave to File a Surreply (Docket No. 75) is DENIED.

DATED this 24th day of September 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[5] *Id.* (internal quotation marks omitted).

[6] *Kornfeld v. Kornfeld*, 393 F. App'x 575, 578 (10th Cir. 2010) (internal quotation marks omitted).

[7] Docket No. 61, at 5-6.