| | |
|---|---|
| Peter Stirba (#3118) | Jefferson W. Gross (#8339) |
| peter@stirba.com | jwgross@grossrooney.com |
| STIRBA, P.C. | Melinda Checketts (#6098) |
| 215 South State Street, Suite 750 | mchecketts@grossrooney.com |
| Salt Lake City, UT 84110-0810 | GROSS & ROONEY |
| Telephone: 801-364-8355 | 136 East South Temple, Suite 1500 |
| Facsimile: 801-364-8300 | Salt Lake City, UT 84111 |
| | Telephone: 801-935-4611 |
| *Attorneys for Plaintiff* | Facsimile: 801-935-4612 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHERMAN G. SORENSEN, M.D., <br><br> Plaintiff, <br> v. <br><br> GERALD I. POLUKOFF, M.D., ZABRISKIE LAW FIRM, LLC, a Utah limited liability company, RHOME ZABRISKIE, J.D., FLEMING NOLEN & JEZ, L.L.P., a Texas limited liability partnership, and RAND P. NOLEN, J.D., <br><br> Defendants. | **PLAINTIFF'S RULE 56(d) DECLARATION OF MELINDA CHECKETTS** <br><br> Central Division No. 2:18-CV-00067-TS-PW <br> Judge Ted Stewart <br> Magistrate Judge Jared C. Bennett <br><br><br> **JURY DEMAND** |

I, Melinda Checketts, declare:

1. I am an attorney licensed to practice law in the State of Utah. I practice with Gross & Rooney; our firm represents Plaintiff Sherman G. Sorensen, M.D., ("Plaintiff" or "Dr. Sorensen") in the above-captioned matter. As such, I have personal knowledge of the following facts and could and would competently testify thereto if called as a witness.

2. Defendants have filed a Motion for Partial Summary Judgment seeking partial summary judgment on all of Dr. Sorensen's causes of action predicated upon Defendants' pursuit of litigation activities (the "Motion"). This Declaration is submitted in response.

3. On April 7, 2020, Judge Ted Stewart issued the Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Amended Motion to Dismiss Plaintiff's Revised Second Amended Complaint (Dkt. 109).

4. Therefore, on April 21, 2020, Defendants filed their first Answer (Dkt. 112) ever filed in this action. The front caption page indicated different attorneys and firms represented different Defendants than was shown on the signature block of the Answer (*see* Dkt. 112 at 1 and 36-37). In fact, an additional law firm and attorney appeared on the signature block than appeared on the front caption page. These configurations of Defendants' legal representation differed from prior pleadings and filings in this matter.

5. Thus, during the telephonic attorney planning meeting and in follow up emails in late April and early May, Plaintiff's counsel sought clarification as to who was actually representing which Defendants.

6. On May 12, 2020, Defendants' counsel sent an email stating that "Defendants will be filing amended notices of appearances in the next day or so" with yet another iteration of Defendants' legal representation. (Email from Greg Brown to Melinda Checketts dated May 12, 2020, attached as Exhibit 1 to Plaintiff's Motion to Disqualify (Dkt. 117).)

7. On May 13, 2020, the parties jointly filed an Attorneys' Planning Meeting Report (Dkt. 115) and proposed Scheduling Order (Dkt. 116) in which the parties agreed to exchange initial disclosures on May 22, 2020, and that the fact discovery deadline would be June 30, 2021.

8. On May 18, 2020, the Court signed and entered the Scheduling Order governing this matter (Dkt. 116).

9. On May 20, 2020, Plaintiff brought a Motion to Disqualify (Dkt. 117) on the grounds that: "(1) under Utah Rule of Professional Conduct 3.7, a lawyer cannot act as an advocate if the lawyer is a necessary witness; (2) Nolen and Zabriskie are necessary witnesses as they are Defendants and there are several allegations against each of them about which only they have knowledge; (3) disqualification of these lawyers protects the integrity of the judicial process; and (4) a law firm may not serve as trial counsel where its attorneys are also fact witnesses." (Motion to Disqualify (Dkt. 117 at 2).)

10. In the Motion to Disqualify, Plaintiff also argued that "while Zabriskie and Nolen may represent themselves *pro se* if they desire, they should be disqualified from representing other Defendants at depositions, trial, and in arguing pretrial motions." *Pedersen v. Hartford Ins. Co.*, No. 201CV00398, 2003 WL 23354482 at *1 (D. Utah Oct. 3, 2003) (holding that attorney disqualified from trial was also disqualified from participating in depositions and pre-trial motions). Likewise, the Law-Firm Defendants [i.e., Zabriskie Law Firm, LLC and Fleming Nolen & Jez, L.L.P.] should also be disqualified from representing themselves or any other Defendant." *Id*. at 6-7.

11. On May 22, 2020, the parties exchanged Rule 26(a) initial disclosures. In Defendants' initial disclosures they identified tens of thousands of pages of documents in addition to producing over 4,000 pages of Bates stamped documents. (A copy of Defendants' Initial Disclosures is attached to this Declaration as Exhibit 1.)

12. On June 3, 2020, Defendants filed their Opposition (Dkt. 119) to Plaintiff's Motion to Disqualify.

13. On June 17, 2020, Plaintiff filed his Reply (Dkt. 120) in support of his Motion to Disqualify.

14. On July 27, 2020, Magistrate Judge Jared C. Bennett held a hearing on Plaintiff's Motion to Disqualify. At the hearing Judge Bennett continued the hearing on Plaintiff's Motion to Disqualify to August 24, 2020, "to allow for additional briefing on the legal representation issues raised by the court . . . and, to the extent necessary, whether a conflict of interest exists under Rule 1.7 of the Utah Rules of Professional Conduct that would prohibit representation." (July 28 Order (Dkt. 125).)

15. On August 4, 2020, Defendants filed their joint briefing on legal representation issues (Dkt. 132) together with a flurry of notices of appearance and withdrawals of counsel (Dkt. 126-131) changing once again who represented which Defendants in this matter.

16. On August 13, 2020, Plaintiff filed his response to Defendants' joint briefing on legal representation issues (Dkt. 134).

17. In the midst of all of this activity regarding the clarification of Defendants' legal representation, Defendants filed this instant Motion for Partial Summary Judgment (Dkt. 133) on August 13, 2020.

18. On August 18, 2020, Defendants filed their reply on legal representation issues (Dkt. 135).

19. On August 24, 2020, Judge Bennett held the final hearing on Dr. Sorensen's Motion to Disqualify.

20. On August 25, 2020, the Court issued its order finding that the Plaintiff's "Motion to Disqualify Defendants Rand P. Nolan, Rhome Zabriskie and the Zabriskie Law Firm from appearing as counsel is deemed MOOT based on the Notices of Withdrawal of Counsel and Notices of Appearance of Counsel filed on behalf of Defendants on August 8, 2020." (August 25 Order (Dkt. 138) at 1-2) (capitalization original).) The Court also denied the motion to disqualify "David L. Hobbs and Gregory Brown from representing Fleming Nolan & Jez." *Id.* at 1-2.

21. Thus, it was not until just 15 days before the deadline for Plaintiff to file his opposition to Defendants' Motion for Partial Summary Judgment that the parties had clarification as to who represented whom and as to who could or could not participate in depositions, discovery disputes and meet and confers, and other pre-trial motions and in what capacity.

22. Except for preparing and serving his initial disclosures in May 2020, Plaintiff has refrained from conducting discovery until Defendants' legal representation issues were resolved and clarified by the Court.

23. Now that the dust is settling from the changes and orders regarding Defendants' legal representation, moving forward, Plaintiff intends to undertake discovery, including serving Rule 34 documents requests, serving Rule 33 interrogatories, and taking depositions of the Defendants, and other witnesses, including representatives from the Department and Justice and the two separate hospitals and Intermountain Healthcare referred to in Defendants' motion for partial summary judgment (*see* Dkt. 133 at 7).

24. Plaintiff believes that discovery will yield evidence highly relevant to the factual issues in Defendants' Motion for Partial Summary Judgment. Plaintiff expects that discovery will uncover evidence regarding probable facts that are currently unavailable to Plaintiff as these facts and evidence are in the exclusive custody and control of either Defendants and/or other third parties mentioned in Defendants' motion for summary judgment such as Dr. Polukoff's legal counsel in Tennessee (Dkt. 133 at p. 6 and 133-1 at p. Ex. E), representatives from the two separate hospitals who allegedly entered into settlements in the Qui Tam action (*id*. at 7), and representatives of the Department of Justice who allegedly approved these settlements (*id*.).

25. Moreover, in their Motion for Partial Summary Judgment, Defendants rely heavily on alleged settlements with third parties in the Qui Tam action (with alleged approved from the Department of Justice) and a few malpractice actions as supposed evidence of the legitimacy of these actions as against Plaintiff. (*See* Motion, Defendants' Undisputed Material Fact Nos. 8 -28, particularly Fact Nos. 19 and 27, (Dkt. 133 at 4-8).)

26. Significantly, Defendants' initial disclosures, while setting forth many specifics regarding the Qui Tam and malpractice actions, are devoid of any facts or mention of ***any settlements*** with third parties in the Qui Tam or malpractice actions. (*See* Defendants' Initial Disclosures, *passim*, attached hereto as Exhibit 1.) Therefore, Plaintiff did not and could not anticipate that Defendants would use information related to the settlements with third parties in these other actions "to support [Defendants'] claims or defenses" in this action. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

27. The settlement with the third party in the malpractice actions allegedly did not occur until the week preceding August 3, 2020. (*See* Stipulated Motion to Continue Hearing,

submitted by Plaintiff as Exhibit I to the Nolen Declaration, Plaintiff's App. at 229-230.) However, Defendants have not ever supplemented their initial disclosures to include information as to this recent settlement, nor, as stated above, was any mention of the Qui Tam action ever made in Defendants' initial disclosures. The recency of the malpractice settlement –i.e., just a week or two before Defendants filed their Motion for Partial Summary Judgment – coupled with the inclusion of third-party settlements in Defendants' Motion, but not in Defendants' initial disclosures, underscores the need for Plaintiff to have additional time to rebut Defendants' arguments in their motion for partial summary judgment.

28. Among other things, Plaintiff anticipates that discovery will identify facts and evidence which are currently unavailable to Plaintiff regarding the following:

a. The circumstances regarding when and which Defendants came in possession of the hard drive and/or the contents of the hard drive – and cross-examining Defendant Rand at deposition about statements made in his declaration regarding the same, as well as taking the depositions of other Defendants regarding the same;

b. The circumstances regarding when and how Dr. Polukoff first came into possession of the hard drive and the contents of the hard drive, Dr. Polukoff's accessing the contents of the hard drive and his retention of and discussions with his Tennessee, Texas and Utah counsel and the timing of such – and cross-examining Dr. Polukoff and other Defendants at deposition regarding statement Dr. Polukoff made in his declaration regarding these issues;

c. The settlements with two of the hospitals in the Qui Tam action and the amount, nature and motivation for the settlements and any other agreements made with these hospitals as a condition for settling;

d. The settlement of IHC in some of the malpractice actions and the amount, nature and motivation for the settlements and any other agreements made with these hospitals as a condition for settling;

e. Dr. Polukoff's and his counsel's conversations with the Department of Justice prior to filing the Qui Tam action – particularly concerning Dr. Polukoff's accessing and knowledge of the contents of the hard drive and confidential patient information;

f. The circumstances surrounding when Dr. Polukoff first contacted and retained counsel in Tennessee, Texas and Utah; and

g. The circumstances surrounding Defendants' contacting, solicitation of and communication with Plaintiff's patients;

29. Plaintiff also believes that with additional time discovery will uncover evidence that Defendants conspired together to wrongfully access the hard drive and to wrongfully contact and solicit Plaintiff's patients. Currently, Defendants are in possession of all the information regarding their communications and agreements amongst each other.

30. Plaintiff also believes that with additional time discovery will uncover evidence that Defendants wrongfully contacted and solicited Plaintiff's former patients. Again, Defendants are also in possession of their written communications with former patients and

solicitation attempts which will be the subject of both depositions and written discovery to be propounded by Plaintiff.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated this 9th day of September, 2020.

/s/	Melinda Checketts
MELINDA CHECKETTS